FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 3 0 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KORISHA SMITH O/B/O
SHAQUAY T. MINTER

            Plaintiff,

    -against-

CAROLYN W. COLVIN
Acting Commissioner, Social Security
Administration,

            Defendant.
------------------------------------------------------------X

**ORDER**
12-CV-6033 (SJF)

FEUERSTEIN, J.

    Plaintiff Korisha Smith ("plaintiff" or "claimant") commenced this 42 U.S.C. § 405(g) action seeking judicial review of the final determination of defendant Commissioner of Social Security Administration ("Commissioner") denying her application for Supplemental Security Income (SSI) benefits on behalf of her adolescent daughter. The Commissioner now moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants the Commissioner's motion.

    Plaintiff applied for SSI benefits on May 3, 2010. [Docket Entry No. 15 (Declaration of Donald V. Ortiz, Acting Chief, Court Case Preparation and Review Branch IV, Office of Disability Adjudication and Review, January 28, 2013 (Def.'s Decl.), Exh. 1)]. The Social Security Administration denied the application on July 2, 2010. *Id.* Following a hearing, on August 17, 2010, the Administrative Law Judge (ALJ) determined that plaintiff's daughter was not disabled. *Id.* On April 20, 2012, the Appeals Council affirmed, and mailed a copy of its decision. Def.'s Decl., Exh. 2. The decision indicated that plaintiff had sixty (60) days from receipt of the decision to commence an action in this Court, and that she could request an

extension of time for good cause. *Id.* Plaintiff filed this action on December 6, 2012. [Docket Entry No. 1]. Defendant moved for dismissal on April 23, 2013. [Docket Entry No.

The regulations promulgated under 42 U.S.C. § 405(g), require a plaintiff to commence an action within sixty (60) days of receiving the Appeals Council's decision, which is presumed to occur five (5) days after mailing. 20 C.F.R. § 416.1481; 20 C.F.R. § 422.210(c). Defendant argues that because plaintiff filed on December 6, 2012, more than five (5) months after the June 19, 2010, and failed to apply for an extension, her complaint should be dismissed for lack of subject-matter jurisdiction. Defendant's Brief (Def.'s Br.) 3–4. The Court agrees.

This Court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). It may consider evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of evidence. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996). Plaintiff has not done so here. The Court finds, accordingly, that it lacks the statutory authority to decide the merits of plaintiff's case and GRANTS the Commissioner's motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                         s/ Sandra J. Feuerstein
                                         Sandra J. Feuerstein
                                         United States District Judge

Dated: September 30, 2015
        Central Islip, New York